

# THE ATTORNEY GENERAL
# OF TEXAS

January 24, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. JM-1010

Re: Authority of a commissioners court to impose limitations on an emergency services district, and related questions (RQ-1532)

Dear Mr. Driscoll:

You ask several questions about article III, section 48-e, of the Texas Constitution, which permits the creation of emergency services districts, and about article 2351a-8, which implements article II, section 48-e.[1]

You first ask:

> May the Commissioners Court limit the amount of the tax which may be levied in support of an emergency services district in the order calling the election and in the ballot proposition to be submitted to the voters to confirm the organization of said district? For example, may the Commissioners Court set a maximum rate of six cents per $100 valuation?

Article III, section 48-e, provides:

> Laws may be enacted to provide for the establishment and creation of special districts to provide emergency services and to authorize the commissioners court of participating counties to levy a tax on the ad valorem property situated in said districts

---

1. Article 2351a-9 also implements article III, section 48-e, for counties with a population of 125,000 or less.

> not to exceed Ten Cents (10¢) on the One
> Hundred Dollars ($100.00) valuation for the
> support thereof; provided that no tax shall
> be levied in support of said districts until
> approved by a vote of the qualified electors
> residing therein. Such a district may pro-
> vide emergency medical services, emergency
> ambulance services, rural fire prevention and
> control services, or other emergency services
> authorized by the Legislature.

The statute implementing article III, section 48-e, is article 2351a-8, V.T.C.S. Section 1 of article 2351a-8 provides:

> Emergency services districts may be
> organized in this state under Article III,
> Section 48-e, of the Texas Constitution for
> the protection of human life and health as
> provided by this Act.

Section 2 of article 2351a-8 provides for petitions for emergency services districts in one-county districts, and section 3 provides for petitions for multi-county districts. Section 4 provides for filing of petitions. Sections 5 and 6 provide for notice of and hearings on proposed districts. Section 7 provides:

> If at the hearing it appears to the com-
> missioners court that the organization of a
> district as petitioned for is feasible and
> practicable, and will be conducive to the
> public safety, welfare, health, and conve-
> nience of persons residing in the district,
> the court shall make those findings and grant
> the petition and fix the boundaries of the
> district. If the court does not make those
> findings, it shall deny the petition.

Section 8 provides in part:

> When the petition is granted, the commis-
> sioners court shall call an election to
> confirm the organization and authorize the
> levy of an ad valorem tax in an amount not to
> exceed 10 cents on the $100 valuation . . . .

Your question is whether the ballot proposition must ask the voters to grant the commissioners court authority to levy a tax of up to ten cents on the $100 valuation or

whether a commissioners court has  the option of asking  the voters to give the commissioners  court authority to levy  a maximum tax for the support of the district of less than ten cents on the  $100 valuation.  Both  the constitutional  and statutory provisions  are ambiguous  on this  point.  It  is possible to read both provisions as allowing only one  issue to be presented to the voters:  whether a district shall  be created with the authority to levy  a tax not to exceed  ten cents on the $100  valuation.  It is  also possible to  read those provisions as simply setting the maximum tax that  the voters may authorize and allowing the voters to authorize  a lower maximum tax.

Although the statute  is ambiguous, several  provisions of article 2351a-8 lead us to the conclusion that the legis- lature did not intend[2] to  allow the commissioners court  to propose or the voters to authorize a maximum tax rate  other than ten cents on the $100 valuation.  For example,  section 11 provides:

> If  a  majority  of  those  voting  at  an election  to  create  an  emergency  services district votes in favor  of the formation  of the district, the  district shall be  consid- ered an organized emergency services district under this Act.  The commissioners courts  of the counties in which the district is located shall  enter  orders  accordingly  in  their minutes substantially in the following form:
>
> Whereas, at an election duly and regularly held on  the _____ date  of _____,  A.D. 19__, within that  portion of _____ County, State  of  Texas,  described  as:  (insert description unless  the district  is  county- wide) there was submitted to the legal voters thereof  the  question  whether  the  above described territory shall  be formed into  an

---

2.  Even if  the  constitutional  provision  permits  the legislature to allow a county or counties to set any maximum tax rate up to ten cents  on the $100 valuation, it  clearly does not require the  legislature to permit such  variation. Therefore, for  purposes of  this  opinion, we  will  only attempt to  determine the legislative  intent  in  enacting article 2351a-8.

> emergency services district under the provisions of the laws of this state; and
>
> Whereas, at such election ____ votes were cast in favor of formation of said district and ____ votes were cast against such formation; and
>
> Whereas, the formation of such emergency services district received the affirmative vote of the majority of the votes cast at such election as provided by law;
>
> Now, therefore, the County Commissioners Court of _____ County, State of Texas, does hereby find, declare and order that the tract hereinbefore described has been duly and legally formed into an emergency services district (or a portion thereof) under the name of _____, under and pursuant to Article III, Section 48-e, of the Texas Constitution, and with the powers vested in such district conferred by law.

That sample form for the order to be entered in the minutes of the commissioners court does not contain any statement about the maximum tax that may be levied for the support of the district. That indicates that the legislature did not intend for a commissioners court to be able to ask the voters to approve a maximum taxing authority of less than ten cents on the $100 valuation. Therefore we think the commissioners court must ask the voters to approve a district with a maximum taxing authority of ten cents on the $100 valuation.

Also, the fact that there is no requirement that the petition for an emergency services district specify a maximum tax rate and the fact that the notice of the hearing on the petition is not required to contain the proposed maximum tax rate both indicate that the legislature did not intend for the maximum tax rate to be negotiable. V.T.C.S. art. 2351a-8, §§ 2, 3, and 5. A policy reason supports that interpretation: Both the constitution and the statute contemplate multi-county emergency services districts. Certainly, the legislature would have intended for all areas within the district to be subject to the same maximum tax. The creation of multi-county districts would be considerably complicated if the commissioners court of every participating county could propose a different maximum tax rate. See

Attorney General Opinion JM-681 (1987). <u>See generally</u> V.T.C.S. art. 2351a-8, § 8.

Of course, nothing in the constitution or statutes would require that the maximum tax authorized be levied in any particular year. The commissioners court would have authority to levy a tax of six cents on the $100 valuation if it chose to do so.

The second question we will discuss is one you raise in your brief but do not include in your list of questions. That question is whether the legislature may grant the <u>board</u> of an emergency services district the authority to levy taxes. Article III, section 48-e provides that laws may be enacted to authorize <u>the commissioners court</u> of participating counties to levy a property tax. <u>Cf.</u> Tex. Const. art. III, § 48-d (authorizing the creation of rural fire prevention districts and authorizing an ad valorem tax "in said districts"). You point out, however, that several sections of article 2351a-8 appear to authorize the board of an emergency services district to levy taxes. <u>See, e.g.</u>, V.T.C.S. art. 2351a-8, §§ 14(5), 19. <u>Cf.</u> V.T.C.S. art. 2351a-8, § 20 (providing that district may issue bonds only with approval of commissioners courts of all participating counties). Because we must construe a statute to be constitutional if possible, we conclude that any provision that appears to give the board of an emergency services district authority to levy taxes must be read to give a board such authority <u>only with the approval of the commissioners courts of all participating counties</u>. See <u>Key Western Life Ins. Co. v. State Bd. of Ins.</u>, 350 S.W.2d 839, 849 (Tex. 1961) (stating that, if possible, court must construe statute to avoid repugnancy to constitution).

You next ask:

> In the event that a rural fire prevention district petitions for the conversion of said district into an emergency services district, what is the maximum ad valorem tax rate which may [be] levied annually?

Section 33 of article 2351a-8 provides:

> (a) Qualified voters who own taxable real property in a rural fire prevention district may present a petition to convert the rural fire prevention district into an emergency services district in the manner provided by

this Act for the creation of an emergency services district.

(b) If a rural fire prevention district is converted into an emergency services district, the emergency services district assumes all obligations and outstanding indebtedness of the rural fire prevention district that it succeeds.

Once a rural fire prevention district became an emergency services district, it would be governed by the laws applicable to emergency services districts. Consequently, it would be authorized to levy an ad valorem tax not to exceed ten cents on the $100 valuation.

Your final question is:

What is the maximum ad valorem tax rate which may be levied in support of an emergency services district whose boundaries overlap or are coterminous with a rural fire prevention district?

Section 8 of article 2351a-8 states that if any area included within the boundaries of a rural fire prevention district is included within the boundaries of an emergency services district, the commissioners court shall call an election to confirm the organization and authorize the levy of an ad valorem tax in an amount not to exceed two cents on the $100 valuation.

### S U M M A R Y

Article 2351a-8, V.T.C.S., requires that voters determine whether an emergency services district be created with authority to levy a tax not to exceed ten cents on the $100 valuation. It does not permit voters to consider whether an emergency services district shall be created with a maximum taxing authority of less than ten cents on the $100 valuation.

Article 2351a-8 must be construed as allowing an emergency services district to levy taxes with the approval of the commissioners courts of all participating counties.

> If a rural fire prevention district becomes an emergency services district, the maximum taxing authority for the district would be ten cents on the $100 valuation.
>
> If a rural fire prevention district lies wholly or partially within the boundaries of an emergency services district, the maximum taxing authority for the district would be two cents on the $100 valuation.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General